**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

WESLEY E. GRISSOM                                                                      PLAINTIFF
ADC #110265


V.                                         NO: 4:16CV00559 BSM/PSH


ASA HUTCHINSON *et al*                                                             DEFENDANTS



**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following Proposed Findings and Recommendation have been sent to Chief United

States District Judge Brian S. Miller.  You may file written objections to all or part of this

Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or

legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14)

days of this Recommendation.  By not objecting, you may waive the right to appeal questions of

fact.

**DISPOSITION**

Plaintiff Wesley E. Grissom, an inmate at the Grimes Unit of the Arkansas Department of

Correction ("ADC"), filed a *pro se* complaint on August 3, 2016.

**I.  Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review

the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief

against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Grissom's complaint, his equal protection rights are being violated because he is not allowed to participate in a work release program for which he is otherwise qualified because he is a convicted sex offender. The United States Court of Appeals for the Eighth Circuit has already determined that ADC inmates have no liberty interest in the prison's work release programs, and there is no equal protection violation in excluding sex offenders from such programs. *Mahfouz v. Lockhart*, 826 F.2d 791 (8th Cir. 1987). Accordingly Grissom's complaint should be dismissed for failure to state a claim upon which relief may be granted.

## III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff Wesley E. Grissom's complaint be DISMISSED WITH PREJUDICE for

failure to state a claim upon which relief may be granted.

      2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

      3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment

dismissing this action is considered frivolous and not in good faith.

      DATED this 4th day of August, 2016.

_____

UNITED STATES MAGISTRATE JUDGE